[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

Johnny Williams
Johnny L. Williams JR
Plaintiff(s),

v.

Home Depot

Defendant(s).

22-cv-00031
Judge Charles R. Norgle, Sr
Magistrate Judge Jeffrey T. Gilbert
RANDOM

RECEIVED

JAN 04 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Johnny L. Williams JR__ of the county of __DuPage County__ in the state of __IL__.

3. The defendant is __Home Depot Corporation__, whose street address is __2455 Paces Ferry Rd SE__, (city) __Atlanta__ (county) _____ (state) __GA__ (ZIP) __30339__

(Defendant's telephone number) (__800__) __466__ - __3337__

4. The plaintiff sought employment or was employed by the defendant at (street address) __295 E Army Trail Rd__ / __475 S. Schmale Rd__ (city) __Glendale Heights__ / __Carol Stream__ (county) __DuPage__ (state) __IL__ / __IL__ (ZIP code) __60139__ / __60188__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☐ was hired and is still employed by the defendant.

   (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 3 , (day) 25 , (year) 2019 .

7.1 (*Choose paragraph 7.1 or 7.2, do not complete both*.)

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑ *has* ☐ *has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☑ the United States Equal Employment Opportunity Commission, on or about
   (month) 3/26/21 3/18/20 (day) _____ (year) 2021 . It's my understanding that it was submitted to both agencies

   (ii) ☐ the Illinois Department of Human Rights, on or about 6/10/21
   (month) See Dates Above (day) _____ (year) _____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☑ No, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes   ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes   ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue*.

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)____11____ (day)__30__ (year)_2021_ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☑ Age (Age Discrimination Employment Act).

(b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☑ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): I was a whistle blower who witness white Privilege, I had A manager title without the authority to discipline or fire white employees who were not following directions, swearing,

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

Issued 11/30/21

| To: | Johnny L. Williams, Jr.<br>2331 Emerson Lane<br>Naperville, IL 60540 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-03222 | Eva Baran, Investigator | (312) 872-9681 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/eh*    11/30/2021

Julianne Bowman,
District Director

(Date Issued)

Enclosures(s)

cc: **HOME DEPOT**
C/O Anita Clark
**Sanchez Hays and Associates**
1015 TYRONE RD STE 620
Tyrone, GA 30290

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm</u>.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

The Discrimination with Home Depot started in March of 2019 – 3/26/21 I dealt with it for two years consistently.

1. I was threatened for my life by one of my employees Larry Klein in which Home Depot did nothing about because I was African American.
2. Larry **Retaliated** against me From April 2019 – March of 2021 via falsifying allegations and coercing the rest of my team to side with him. In fact I heard him tell 4 people on my team what to do and some of them were doing it.
3. Meeting with John Assistant Mgr, Larry and Joe on the phone for Larry **insubordination**. Larry yells on the speaker phone " Joe I am doing what you have asked me to do, Why is John Williams still here" I got the team behind me we don't like him he is a waste".
4. I was **Retaliated against and falsely accused 15 times** and at no time did management tell Larry to stop because my boss Joe Zumpf had put him up to this and he was supposed to push my button and provoke me to and I did not allow it.
5. Each time I reported to my boss and HR following protocol nothing was done and I was subjected to being bullied and having a **Management title without having the authority to discipline as my peers who were white**. My predominately **white team did not want an African American Male leader and my Boss Joe Zumpf demonstrated that with his behavior and how he handled every situation**.
6. I spent from April 2020 to March 26th being yelled at my the employees that worked for me. I.e, Larry Klein, Dave Kemp, Dave Gehring and Genevieve Kiraci. And yet I was terminated for alleged missed conduct for speaking over machinery and talking about "if you have any HR questions or policy questions please see me". This was statement I made and my question what was there in my statement that was needed to be yelled about? The night MET Supervisor Holly allegedly was asked if I was yelling and she had her team say I was because I had reported her team not wearing mask following protocol to her boss Mark Whillington. Secondly she retaliated against me because she told me "that I will move your SHIT anytime I want" and I reported that to her boss and she sent that statement to me in a text message on my phone.
7. I was not allowed to discipline or fire Larry for poor work performance, Insubordination or transfer him to another store and being a bad fit for the team. Case in point when Larry was out for 6 plus weeks the team performed very well in fact we exceeded our objectives for 6 consecutive weeks. I asked Joe to move Larry to another store because of his attitude and work ethics. Joe told me it was against company policy to move and associate. If that was true then why was I moved? Most importantly where was the policy? Joe was being untruthful there was no policy... Joe did not want me in this job and his actions demonstrated it by not providing any support or coaching.

Larry even told me. "John I hate Home Depot... Most importantly, I need a manager who knows his job.          **John You don't know your Fucking Job"**.
8. After my consistent effort of reporting my issues with HR, Joe aways waited 2 months or more to talk to me about an issue so it would not look like retaliation. i.e, My alleged not wearing a safety belt on a machine for 10 seconds 12/31/19 was reported to me Mid February 2020 ( first offense violation captured on film of me in the backroom after just learning the death of my father-in-law). **My first actual offense** I was put on a final notice ( for only possible offense)... Not a verbal communication, written, coaching, final and possible termination as all other employees. Question why my punishment so severe? Because I was Black and Joe did not want me in the role and the team he had watching me finally captured me making a mistake when I was dealing with a family crisis. (the other who had the same violations were not put on a final ie, Jim Wheeler (both myself and Holly saw him after she reported to me and I reported to Joe, Richard

also violated the same safety protocol who was Night Supervisor who moved to my team without Joe communicating to me (He was brought to take over my job and he has my job right now). So these people were not put on a final notice for the same violation. So all of this time working in this store, Joe had my team watching me instead of doing their job to the best of their abilities because he wanted me out of this role. He only transferred me to another store because I had figured it out and he knew it. I reported to HR and they did nothing about it. The reality I could not fire Larry because he was White, Joe put me in a hostile environment.

9. Home Depot has policies that they did not follow: Discrimination, Corroboration, Creating a hostile working environment, Zero tolerance for Retaliation, Bullying, False allegation and lastly Retaliation. I faced all of these things and more. My alleged violations did not follow normal protocol, of verbal, written, coaching, final notice and possible termination. I had 3 finals as a first offense and they were distantly dealt with so they would not look like they were retaliatory but I know that they were because that the way Joe was given permission from HR to do so.

10. Lastly I faced discrimination when I reported my cancer to my boss. I was not given the same accommodations as some of my fellow employees ie, Genevieve Kiraci I was told to assign her to light duty things no lifting and no bending and being able to take breaks when needed. My restrictions: was not lifting over 10 pounds, no electric Ladders and being able sit when needed. **I was given an falsified performance review** because I delegated some work and my boss was looking for a reason to fire me because I now have cancer this was another reason to get rid of John. **(I have proof that it was falsified)** So they created the misconduct and lies and I have one honest guy on my team Alan Ryan who called Joe and told him that there was no misconduct. The team was yelling at John because you did not do your job Joe.

11. I was throw under the bus,
   1. For Joe not telling me that 2 of the people on my team may have covid.
   2. For following injury protocol, but Joe was out to fire me and he made my team feel like I was not doing my job after reporting the injury within 24 hrs creating the hostile yelling towards me from the team. All of this stuff was intentional toward so me… He wanted me out of this role and he succeeded.

12. March 12th, I was repetitively called an "Asshole" by Dave Gehring in front of customers, peers and management because Joe had already told him on Thursday night that he was going to fire me real soon. This is the same guy who worked part-time and took unauthorized smoking breaks, who would not wear his mask correctly and (I reported him to Joe for an entire year) and nothing was done. I have pictures of him not wearing his mask and I showed them to Joe, other store employees had seen him not wearing a mask and they reported to me and I reported to Joe. If I had not been wearing my mask I would have been fired as a first offense.

13. **White Privilege and White Privilege letter: (I have the Letter)**
Dave Kemp was given privileges because he was white and he had a yelling and anger problems when it came to the news, politics and he was an Trump supporter. I have a document that stated what the store did to protect him. The only reason why they fired him while I was out for surgery was because my boss was trying to fire me for allegedly yelling back at Dave. So how is that he had been protected all of this time and now you want to make a correction because you want me out of my job by any means necessary. You had two of my witness not to testify or write up a report in my defense because they would lose their jobs. This is was so dirty and when I learned what had happened on Feb 8th I reported to HR John Russell Cockran and I was told that they closed my cases and they were not going to do any were not going to do anything about my complaints. In fact I called 3 times and then when I sent an email I finally got response because I now had a paper trail.

14. When you review my paper trail you will find that I am always asking for clarity, support and you will find

2

that Joe Zumpf barely replied or there was no reply.

15. I told my boss I had Cancer, I had the surgery in January using my 4 weeks (vacation and personal time). Without my permission my Joe Zumpf puts me on short-term disability and I started receiving medical bills from Home Depot. Through the Benefit department I called them when I returned back to work because Joe did not respond to my calls. Why would he do this without talking to me?

16. When I returned to work I gave my boss and Hr an letter from my doctor describing my limitations and was not provided with the same light duties accommodations that I had provided members of my teams with. i.e, Larry Klein, Dave Paradise, Allen Ryan, Dave Gehring and Genevieve Kiraci. Pure Racism.

17. For an entire year Dave Gehring was cited for not wearing his mask and I mentioned it to my Boss and there was nothing done about it. The entire Met Team Lead By Holly who worked overnight did not follow proper protocol in

18. From every submission of an issue with store personnel or management Home Depot Human resource department did not contact me with any resolution or addressed my concern. Most of the time they closed my concern or employee issue without any follow up. i.e., Larry Klein, Dave Kemp, Dave Gehring, Genevieve Kiraci and and Dave Paradise.

19. Home Depot denial of my unemployment was retaliation for an alleged misconduct charge when the conversation and concern was about Joe Zumpf not addressing Dave Gehring arm injury from 3-8-21 (after Joe had visited the store 4 days consecutively).

20. Home Depot is in violation of their code of ethics:
- Open Door Policy
- Zero Tolerance for Retaliation
- Fair Employment Practices allowing Discrimination
- People yelling, cursing at me to intimidate and harass
- Violence in the work place (all my witness were told to shut up or they would lose their job defending a black man)
- I was past up for promotion 3 times for stores closer to home and placed in the most hostile environment without any support in which I was set up to fail.
- Disability Accommodations – I was to provide reasonable accommodations for employees on my teams (Larry Klein, Dave Paradise, Allen Ryan, Dave Gehring and Genevieve Kiraci). But when I needed some accommodations, I received a falsified performance review to remove me because I have Cancer.
- White people not following the mandate of wearing the mask i.e., Met Night Team who retaliated against me for sharing with management that they were not following protocol. Dave Gehring who for 2 yrs did not wear his mask properly and I made my Boss aware of it and nothing was ever done.

All of these things point to discrimination. After working for Home Depot I wa hired in a Management role in which I did **not have the same rights as other leaders in this role. My discipline action toward my team meant nothing Because their behaviors were never addressed (in front of me), never changed their behavior instead they retaliated.** I was not provided with any support or coached and only set up for failure (and this will be supported from my email trail that is on my Home Depot computer). **I was set up for Failure** and I often asked my boss why are you setting me up to fail and he would never answer or provide any disciplinary support on a hostile environment that he created. **I never got a chance to sit in on alleged disciplinary actions**

3

**with my team because I was Black and i asked why wasn't I included.** Now I know why I was not included... Racism.

Because of how I was treated for the past two years my body has been affected with stress. I was having stress issues and it affected my body in which I could barely walk. I was under some unnecessary pressure that could have been easily resolved but the reality is Home Depot did not want me there. As a result of my 2 of 4 yrs with Home Depot in Management, my body is still under that stress because of the way I was treated because I was a Black Male Leader in Management that was not given the same power and authority as other White leaders in the same role. I am on medication now and all Home Depot wanted to offer me is $10,000 and I am affected for life because I have developed a stress disorder that affects my walking. I deserve much more than that because of what I had to put up with. **People do not have to say discriminating things to you, you can tell by their actions, their lack of support and the hostile environment that does not change or get corrected.**

Here are all the things that shows that Home Depot discriminated against me and they violated all the laws of employment practices and HR Policies. Please let me know if you have any questions.

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

who were consistently Acting in misconduct, (See Attachment)

13. The facts supporting the plaintiff's claim of discrimination are as follows:

See Attachment)

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

 (a) ☐ Direct the defendant to hire the plaintiff.

 (b) ☐ Direct the defendant to re-employ the plaintiff.

 (c) ☐ Direct the defendant to promote the plaintiff.

 (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

 (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

 (f) ☐ Direct the defendant to (specify): To pay for health needs And ~~Retrobut~~ punitive damages, up to $10,000,000

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_Johnny L. Williams Jr_
(Plaintiff's signature)

_Johnny L. Williams JR_
(Plaintiff's name)

_2331 Emerson Lane_
(Plaintiff's street address)

(City) _Naperville_ (State) _IL_ (ZIP) _60540_

(Plaintiff's telephone number) (_708_) _269-2343_

Date: _1/3/22_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]